IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SHANE PHILLIP NICKERSON, | CV 22-095-H-BMM-KLD |
| Plaintiff, | |
| vs. | ORDER |
| BRIAN GOOTKIN, ET AL., | |
| Defendants. | |

Pending before the Court are the following motions: Defendants' Motion for Summary Judgment (Doc. 24); Defendants' Motion to Stay or for Protective Order (Doc. 28); Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 32); Plaintiff's Motion for Summary Judgment (Doc. 33); and Plaintiff's Motion for a Subpoena (Doc. 34). The Court will consider each motion in turn.

I.  BACKGROUND

Plaintiff Shane Phillip Nickerson is incarcerated at Montana State Prison ("MSP"). He has sued Brian Gootkin, Director of the Montana Department of Corrections ("DOC"), and MSP Warden Jim Salmonsen. (Doc. 16 at 2.) Nickerson contends that MSP's policies against inmates soliciting pen pals and posting legal ads on websites violates his First Amendment rights. (Doc. 16 at 5–11.) Nickerson

1

seeks only injunctive relief, in the form of a changed pen pal policy and a bar on retaliation against him for filing this lawsuit. (Doc. 16 at 12.)

Nickerson has filed a Notice regarding withdrawal of a motion for voluntary dismissal. (Doc. 30; *see also* Doc. 39.) The record contains no motion for voluntary dismissal. Nickerson alleges that MSP failed to process the motion. (Doc. 39 at 1–2.) The Court will proceed to consider the pending motions in light of both the absence from the record of any voluntary dismissal motion and Nickerson's stated intent to continue prosecuting the action.

## II.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants move for summary judgment on their arguments that MSP's policy does not violate the First Amendment, and that Defendants are entitled to qualified immunity. (Doc. 25 at 1.) Defendants also seek a stay of proceedings until the Court rules on their motion for summary judgment. Defendants contend that a stay would protect against the burdens of proceeding with discovery. (Doc. 29 at 4.) Defendants argue that this matter can be resolved on the record as it stands. Defendants seek a protective order should the Court deny their request for a stay.

Defendants moved for summary judgment on the same day that they filed their Answer. The Court had not entered its typical Scheduling Order that allows the parties to commence discovery. Nickerson's Response characterizes Defendants'

2

motion as premature. Nickerson emphasizes that because he has not been able to conduct any discovery. (Doc. 31.) Nickerson also responds on the merits but has failed to file a Statement of Disputed Facts as required by the Local Rules.

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden, the non-moving party must go beyond the pleadings. The non-moving party must identify, through affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Id*. The Court views the evidence in the light most favorable to the nonmoving party and draws all justifiable inferences in the non-moving party's favor when deciding a motion for summary judgment. *Id*.

at 255 (1986); *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020–21 (9th Cir. 2007).

### B. Qualified Immunity

Qualified immunity only supplies immunity from suit for money damages. Qualified immunity does not provide immunity from suits seeking declaratory or injunctive relief. *Hydrick v. Hunter*, 669 F.3d 937, 939–40 (9th Cir. 2012). Nickerson seeks only injunctive relief. Defendants, therefore, are not entitled to qualified immunity. *Hydrick*, 669 F.3d at 939–40.

### C. First Amendment

The First Amendment affords incarcerated people the right "to communicate with persons outside prison walls." *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir. 2002). Incarcerated people possess a First Amendment right to send and receive mail, subject to some security limitations. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam); *Turner v. Safley*, 482 U.S. 78, 90 (1987). A court must consider the following factors to determine the constitutionality of a prison regulation or policy: (1) whether there is a valid, rational connection between the regulation and the legitimate and neutral government interest used to justify it; (2) whether alternative means of exercising an incarcerated person's asserted right exist; (3) the impact on correctional staff, other inmates, and prison resources in general;

and (4) whether there are obvious, easy alternatives to the regulation or policy in question, the absence of which provides evidence of the reasonableness of the prison rule. *Turner*, 482 U.S. at 89–90.

Defendants correctly point to the *Turner* test in their brief but overwhelmingly focus on the first element. (Doc. 25 at 4–6.) Defendants' brief fails to address factors two through four of the *Turner* test. Defendants' Statement of Undisputed Facts similarly lacks facts going to the remaining *Turner* factors. Defendants primarily justify the prison's policy on the grounds that incarcerated people can use pen pal services as a method of engaging in criminal activity. (Doc. 25 at 4 (citing Assistant Warden Godfrey Aff.).)

Nickerson responds that Defendants' motion for summary judgment proves premature. (Doc. 31 at 5.) Nickerson urges the Court to allow him to conduct discovery. (*Id.*) Much of the discovery Nickerson seeks, however, likely would prove irrelevant to this motion. Nickerson points out that several prisons on the West Coast allow pen pal solicitation. (*Id.*) The Court accords little weight to information regarding the policies of other prisons in the absence of legal authority analyzing those policies' constitutionality.

Defendants have failed to satisfy their burden at summary judgment. Defendants have not provided the requisite factual information to support their

5

conclusions or allow the Court to conclude that no material facts remain in dispute. The Court will deny the motion for summary judgment. (Doc. 24.)

## III. DEFENDANTS' MOTION TO STAY

Defendants move the Court for a stay or, in the alternative, for a protective order until the Court rules on the summary judgment motion. (Doc. 28.) The Court will deny Defendants' motion to stay as moot in light of the Court's ruling on Defendants' motion for summary judgment.

## IV. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Nickerson also has filed a Motion for Summary Judgment. Nickerson asserts there are no undisputed facts. Nickerson failed to comply with L.R. 56.1's requirements. (Doc. 33.) Nickerson's motion emphasizes his contentions regarding the website "Justice Denied," which allows incarcerated people seeking legal help to post questions and information. (Doc. 33 at 1.) Nickerson's application form confirms that the service is part of Friends Beyond Wall's website rather than an independent site. (Doc. 33-1.) Nickerson also argue that not being able to post on a legal website imposes a "substantial burden on the right of access to the courts." (Doc. 33 at 2.)

Nickerson does not substantively dispute the issue of potential criminality regarding pen pals. Nickerson instead contests Defendants' claims about abuse of

6

the pen pal system by referring to the purpose of obtaining legal help through the websites. Nickerson asserts that "[t]here is no reason an inmate seeking legal assistance is going to victimize the other party or commit any crime." (Doc. 33 at 3.) Nickerson has failed to carry his burden under the *Turner* analysis. Nickerson neglects to provide the Court with the undisputed facts it needs to rule in his favor on the motion. The Court will deny Nickerson's motion for summary judgment.

## V.    MOTIONS TO AMEND & SUPPLEMENT THE COMPLAINT

Nickerson has moved to file a Third Amended Complaint. (Doc. 32.) Nickerson seeks amendment in order to add a defendant and a claim for retaliation. (*Id.* at 2–4.) Nickerson also has moved to file a Supplemental Complaint to add two additional defendants and due process, Eighth Amendment, and disability discrimination claims against them. (Doc. 35 at 1–2.) Nickerson has not filed a copy of the proposed amended and/or supplemental complaint. Local Rule 15.1 requires that when a party moves for leave to amend a pleading, the proposed pleading must be attached to the motion as an exhibit. D. Mont. L.R. 15.1. The Court will deny the motions. Nickerson may amend his Complaint, subject to compliance with Local Rule 15.1 and with the Court's Scheduling Order, which will be issued separately.

## VI.   MOTION FOR SUBPOENA

Nickerson's Motion for a Subpoena requests lists of prisons that allow pen pal solicitation. (Doc. 34.) Nickerson contends that "the data of all inmates and prisons that allow inmates to solicit pen pals will provide the court of [sic] sufficient facts to demonstrate the policy of prohibition against pen pals in [Montana] violates the First Amendment." (Doc. 34 at 2.) Nickerson appears to believe that the Court will handle the process of identifying and pursuing subpoenas on his behalf. This assumption proves inaccurate. Nickerson may renew his motion for a subpoena at the appropriate time, subject to the restrictions in the Court's forthcoming Scheduling Order, and must comply with Fed. R. Civ. P. 45.

## ORDER

It is therefore **HEREBY ORDERED:**

1. Defendants' motion for summary judgment is **DENIED**, subject to renewal. (Doc. 24.)

2. Defendants' motion for a stay or protective order is **DENIED.** (Doc. 28.)

3. Nickerson's motion to amend is **DENIED**, subject to renewal. (Doc. 32.)

4. Nickerson's motion for the issuance of subpoenas is **DENIED.** (Doc. 34.)

5. Nickerson's motion for summary judgment is **DENIED**. (Doc. 33.)

6. Nickerson's motion for leave to file a supplemental complaint is **DENIED.** (Doc. 35.) Nickerson may file an amended complaint, in compliance with the Court's forthcoming scheduling order.

7. At all times, Nickerson must notify the Court and opposing parties of any change of address. Failure to do so may result in dismissal.

DATED this 10th day of July, 2023.

_____
Brian Morris, Chief District Judge
United States District Court